**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

---

No. 97-1474

---

United States of America,   *
                          *
        Appellee,     *
                          * Appeal from the United
States
        v.           * District Court for the
                          * District of Minnesota.
Douglas Paul Pierce,   *
                          *
        Appellant.    *

---

Submitted:  November 17, 1997

Filed:
December 24, 1997

---

Before BEAM, HEANEY, and JOHN R. GIBSON, Circuit Judges.

---

HEANEY, Circuit Judge.

The sole issue raised on this appeal is whether the district court was correct in its assessment that it was required to sentence Douglas Paul Pierce to a prison term of fourteen months when it found that he possessed a controlled substance during his supervised release. We hold that the district court erred and remand for resentencing.

In May 1995, Pierce was sentenced to a term of eighteen-months imprisonment and a three-year term of supervised release. As a standard condition of supervised release, he was prohibited from possessing a controlled substance and was directed to participate in a drug treatment program. Pierce completed his prison term and began serving his term of supervised release. During this period, he tested positive on at least two occasions for the use of a controlled substance. Pierce was then arrested for violating the conditions of his parole. The district court conducted a revocation hearing at which Pierce did not contest the use of drugs, but argued that the court was not required to impose a prison sentence for the violation.

The following exchange occurred between counsel for the government, the court, and Pierce's counsel at the hearing:

> THE COURT: The Court is of the opinion, then, that the defendant admits the violation but contests -- or disagrees as to the punishment to be imposed.
>
> . . . .
>
> MR. WILHELM [Assistant United States Attorney]: Well, Your Honor, as I understand it, the factual basis is admitted.
> As far as the disposition of this matter goes, as we've indicated previously in Court, we have no objection to any disposition within the guidelines, whatever the Court may choose to do. And we have no recommendation other than that.

THE COURT: Very well. I should advise the defendant that if the Court does revoke the defendant's supervised release, it will be the judgment of the court that testing positive for the use of controlled substances, by doing that, the defendant, in the Court's view, has "possessed," quote-unquote, them within the meaning of 18 United States

Code 3583(g), and in that case the revocation of supervised release would be required.

Does anyone have any disagreement with that?

MR. MOHRING [Counsel for Pierce]: I think that is a finding that the evidence would permit the Court to make. I don't think that that finding is required under the law. And so, if the Court's ruling is based on a view that the Court is required to so find, I do object. . . .

THE COURT: As I understand your position, you are disagreeing with the Court in its application of 18 U.S.C. Section 3583(g)?

MR. MOHRING: I disagree with the Court's application only if it's the Court's position that applying that section is required by the facts of this case.

THE COURT: It's mandated, in the Court's view.

MR. MOHRING: Then I do object to that conclusion, Judge.

(Revocation Tr. at 9-10.) Before Pierce was sentenced, his mother, Judith Pierce, addressed the court and suggested that imprisonment was not in his best interests. The court responded:

THE COURT: I could well agree with you, Mrs. Pierce. . . . I must advise you, however, the law requires a mandatory sentence under these circumstances. The question before the Court was whether or not it should be at the low range, eight months, or up towards the top range of fourteen months. . . . I sympathize with

4

you, but I don't know what else I can do to be of help.

Id. at 21-22.

II.

It is clear that 18 U.S.C. § 3583(g) (1994) requires a court to sentence a defendant who possessed a controlled substance in violation of his supervised release to a term of imprisonment.[1]  However, we must consider this issue in conjunction with 18 U.S.C. § 3583(d), which was enacted at the same time as § 3583(g). Subsection (d) provides, in relevant part:

> The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with the United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test.

18 U.S.C. § 3583(d) (1994).

In our opinion, reading the Violent Crime Control and Law Enforcement Act of 1994 as a whole permits a sentencing court to choose whether to impose a program of treatment rather than incarceration if one on probation fails a drug test.  This interpretation is supported by the Commentary to § 7B1.4 of the United States Sentencing Guidelines:

---

[1]Section 3583(g) provides, in relevant part: "If the defendant (1) possesses a controlled substance . . . the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3)."  18 U.S.C. 3583(g) (1994).

6

In the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and

imprisonment under 18 U.S.C. §§ 3565(b) and 3583(g).  18 U.S.C. §§ 3563(a), 3583(d).

U.S. Sentencing Guidelines Manual § 7B1.4, comment. (n.6) (1997).

The United States explains the choice this way:  If the court finds an offender to be in illegal possession of a controlled substance, imprisonment is mandated.  If, however, the court simply finds that one on probation failed a drug test, then the court is free to require further participation in a substance-abuse program.  To quote the United States directly:  "Although a court may find possession based on a positive drug test (as it did in this case), it is not required to do so and the court may provide for treatment without revoking the offenders' [sic] release."  (Gov't Br. at 10.)  We believe this language is clear and to the point.  The district court had the discretion to provide for treatment rather than imprisonment.  We are not convinced that the district court recognized that it had these alternatives, thus we remand to the district court to determine the proper sentence it desires to impose.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

8