UNITED STATES of America

v.

Betty WILSON.

Cr. No. 96–194–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 27, 1998.

Terry F. Moorer, U.S. Atty's Office, Montgomery, AL, for U.S.

Federal Defender, Federal Defender, Montgomery, AL, for Betty Wilson.

*MEMORANDUM OPINION*

MYRON H. THOMPSON, District Judge.

Defendant Betty Wilson is charged with violating the conditions of her probation by, among other things, testing positive for the presence of cocaine during a urinalysis screening test. The question before the court is whether, under the provisions of 18 U.S.C.A. §§ 3563 and 3565 (West Supp.1997), which govern the conditions and revocation of probation, the court is required to sentence Wilson to a term of imprisonment if it finds that she has violated the conditions of her probation by failing the urinalysis test, or whether, alternatively, it has discretion to impose a program of drug treatment without incarceration. This question appears to be one of first impression for the courts in the probation revocation context. For the reasons that follow, the court concludes that it does have discretion to sentence Wilson to a drug treatment program in lieu of incarceration.

In addressing this question, the court must examine two pertinent provisions of Title 18 of the United States Code, namely § 3565(b)(1), which provides that "If the defendant ... possesses a controlled substance in violation of a condition set forth in § 3563(a)(3) ... the court shall revoke the sentence of probation and resentence the defendant ... to a sentence that includes a term of imprisonment," and § 3563(a), which provides that "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with the United States Sentencing Commission guidelines from the rule of section 3565(b), when considering any action against a defendant who fails a drug test...." As Wilson argues, and as the government now concedes, the plain language of these two provisions indicates that, where the defendant's possession of a controlled substance has been established by a failed drug screening test, the court may disregard the mandate of § 3565(b) that the defendant be sentenced to a term of imprisonment upon revocation of her probation, and may require instead that she participate in a substance abuse treatment program.

This conclusion is reinforced by commentary found in the Sentencing Guidelines Manual, at U.S.S.G. § 7B1.4, comment. (n. 6), which reads as follows:

"In the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. §§ 3565(b) and 3583(g). 18 U.S.C. §§ 3563(a), 3583(d)."

Although, as stated, no court has addressed the specific question presented here under the statutory provisions governing rev-

ocation of probation, the Eighth Circuit Court of Appeals, in *United States v. Pierce,* 132 F.3d 1207 (8th Cir.1997), did examine the closely analogous question of whether incarceration was mandated by 18 U.S.C.A. § 3583(g), which pertains to violations of the conditions of supervised release, as opposed to probation. Like § 3565(b)(1), the probation-revocation provision discussed above, § 3583(g) requires that the defendant be sentenced to a term of imprisonment upon revocation of supervised release for possession of a controlled substance. Furthermore, § 3583(g), like § 3565(b)(1), must be read in conjunction with a second provision, § 3583(d), which provides as follows: "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with the United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." As is evident, this language closely tracks the language in § 3563(a), discussed above, that provides an exception to mandatory imprisonment where the defendant has failed a drug test. Moreover, both § 3565(b)(1) and § 3583(g) are subject to the aforementioned commentary found at § 7B1.4, comment. (n. 6) of the United States Sentencing Guidelines Manual.

In view of these provisions of both the governing statute and the Sentencing Guidelines, the *Pierce* court held that the district court has the discretion to provide for treatment rather than incarceration in the supervised release revocation context, under §§ 3583(d) and (g). The court quoted approvingly from the government's brief in that case as follows:

> "If the court finds an offender to be in illegal possession of a controlled substance, imprisonment is mandated. If, however, the court simply finds that one on probation failed a drug test, then the court is free to require further participation in a substance-abuse program. To quote the United States directly: 'Although a court may find possession based on a positive drug test (as it did in this case), it is not required to do so and the court may pro-

> vide for treatment without revoking the offenders' [sic] release.' "

*Pierce,* 132 F.3d at 1208.

This court perceives no reason why the *Pierce* court's observations are not equally apt in the probation-revocation context under §§ 3563(a) and 3565(b). Thus, this decision reinforces the court's conclusion that it has discretion to order Wilson to enter an appropriate drug-rehabilitation program in lieu of incarceration.