

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2004

# USA v. Washington

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2656

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"USA v. Washington" (2004). *2004 Decisions*. Paper 590.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/590

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 03-2656
_____

UNITED STATES OF AMERICA

v.

BILLY WASHINGTON aka BILLY JACOBS

WILLIAM WASHINGTON,

_____Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 93-CR-00138-15
District Judge:  James McGirr Kelly

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 28, 2004

BEFORE:  RENDELL and COWEN, <u>Circuit Judges</u>, and
SCHWARZER,[*] <u>Senior District Judge</u>

(Opinion Filed:  June 18, 2004)

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1

———————————————————

OPINION OF THE COURT

———————————————————

SCHWARZER, Senior District Judge.

William Washington timely appeals an order revoking his supervised release and imposing a nine-month term of imprisonment and a new term of supervised release. His counsel has filed an *Anders* brief asserting that Washington's appeal raises no nonfrivolous issues and moving to withdraw. The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We will dismiss the appeal and grant the motion.

## FACTUAL AND PROCEDURAL HISTORY

Washington's probation officer alleged six violations of the conditions of Washington's supervised release in his report and amended report. First, the report stated that police had taken Washington into custody on January 5, 2003, and that Washington later lied about this event to the probation officer in violation of Condition #3 of his supervised release. Second, the report alleged that Washington had failed to notify the probation officer of his change of address. Third, the report stated that Washington had submitted urine samples that tested positive for cocaine. Fourth, the report charged that Washington had associated with people who were engaged in criminal activity or known to be felons. Fifth, the amended report alleged that Washington had committed a crime (assault) while on probation. Sixth, the amended report stated that Washington had

2

submitted other urine samples that tested positive for cocaine.

Washington admitted to having tested positive for cocaine use. He contested the other allegations. After hearing testimony by the probation officer, the court found that Washington had lied to the officer when he denied being apprehended by the police.

The court found Washington guilty of three violations of the terms of his supervised release: the two drug-test failures, and the lie to the probation officer. Each offense was a type "C" violation under U.S.S.G. § 7B1.4, so each carried a possible term of imprisonment of three to nine months. The court imposed a sentence of nine months in prison, and added a new term of supervised release.

## ANALYSIS

Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, [386 U.S. 738 (1967)]." When considering an *Anders* motion, we must "decide whether the case is wholly frivolous." *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). Our inquiry is "twofold: (1) whether counsel adequately fulfilled [Rule 109.2(a)]'s requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* at 300.

"The duties of counsel when preparing an *Anders* brief are (1) to satisfy the

court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* "Counsel need not raise and reject every possible claim . . . [h]owever, at a minimum, he or she must" conscientiously examine the record for appellate issues. *Id.*

Here, counsel's brief is inadequate. Like the brief we found inadequate in *Youla*, *id.* at 300, counsel's brief is only two pages in length and contains no citations to case law. The analysis is confined to the propriety of the district court's determination that Washington lied to the probation officer. Counsel makes essentially no attempt to discuss potential errors in the findings about the failed drug tests, and makes no attempt to discuss possible issues concerning the sentence imposed by the court.

Nonetheless, we dismiss Washington's appeal because it is patently frivolous. *See id.* at 300 (stating that we should accept inadequate *Anders* briefs "in those cases in which frivolousness is patent"). We are guided in our review of the record by Washington's informal pro se brief. *See id.* at 301. Washington raises several issues, but all are patently frivolous.

### A. Association With Known Criminals

Washington attacks the probation officer's charge that he associated with known criminals. As the district court did not find Washington guilty of this violation, the challenge is moot.

4

### B. Factual Basis for Finding that Washington Lied to His Probation Officer

Washington also argues that the court improperly found that he lied to his probation officer about being detained by the police. He argues that he thought he could report the incident in a monthly report and thus did not have to discuss it with the probation officer. But the probation officer testified that he asked Washington a direct question about whether he had been detained, which Washington answered in the negative. Because even Washington admits that he was detained, his response was clearly false and the district court's finding is not subject to attack.

### C. Abstinence from Drug Use

Washington also contends that other than the times he tested positive for cocaine use, he abstained from using drugs. This assertion has no legal relevance; he was reincarcerated only as a result of the positive drug tests.

### D. Ineffective Assistance of Counsel

Washington next asserts that his counsel provided ineffective assistance in the district court. Because we do not consider ineffective assistance of counsel claims on direct review, *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003), this argument is patently frivolous.

### E. Imposition of Imprisonment Rather Than Drug Abuse Treatment

Washington further argues that the court erred because it did not consider

whether to place him in drug treatment rather than prison upon finding that he failed drug tests. 18 U.S.C. § 3583(g) generally mandates that courts impose a prison term for drug-related probation violations. But Washington notes that 18 U.S.C. § 3583(d) states:

> The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test.

And he points to *United States v. Pierce*, 132 F.3d 1207 (8th Cir. 1997), where the court observed that a district court has discretion under § 3583(d) to impose treatment rather than imprisonment, and held that a failure to recognize that discretion requires a remand for re-sentencing. *Id*. at 1208-09. Washington asserts that the district court here did not recognize its discretion.

Regardless of the merits of this argument, the issue is frivolous because it is no longer cognizable by a federal court. Washington has already been released from prison. As the imposition of prison rather than drug treatment has no apparent ongoing collateral consequences, the issue is moot. *See United States v. Kissinger*, 309 F.3d 179, 181-82 (3d Cir. 2002) (holding that where an appellant has already served his sentence, and the sentence has no collateral consequences, an appeal of the terms of the sentence is moot).

### F. Lack of Grand Jury Indictment

Finally, Washington argues that his nine-month prison sentence violated the Fifth Amendment because he was not indicted by a grand jury. But "[v]iolation of supervised release is a separate offense" from the underlying crime, *United States v. Blackston*, 940 F.2d 877, 881 n.7 (3d Cir. 1991), and the Fifth Amendment requires the federal government to proceed by indictment only when charging someone with "a capital, or otherwise infamous crime." U.S. CONST. amend. V. A crime is not infamous if it is not punishable by imprisonment in a penitentiary, *Green v. United States*, 356 U.S. 165, 183 (1958), and, under 18 U. S. C. § 4083, no one may be imprisoned in a penitentiary unless their offense is punishable by more than a year in prison. Washington's offenses carried maximum prison terms of nine months, so they were not infamous crimes. The Fifth Amendment's grand jury provisions are not implicated.

### CONCLUSION

For the reasons stated above, Washington's appeal will be **DISMISSED** pursuant to Third Circuit Local Appellate Rule 109.2(a) and the motion to withdraw is GRANTED.

7