**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4017**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JACKIE ROBINSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. David A. Faber, Chief District Judge. (CR-03-12)

———————

Submitted: June 18, 2004          Decided: July 16, 2004

———————

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

L. Richard Walker, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jackie Robinson appeals the district court's order revoking his supervised release and imposing a twenty-four month sentence, to be followed by thirty-six months on supervised release. We affirm.

While on supervision, Robinson tested positive for cocaine, in violation of his supervised release terms. At a hearing on a petition to revoke supervised release, Robinson's attorney moved for placement in a substance abuse treatment program in lieu of incarceration. The district denied the motion. The court observed that Robinson had refused to participate in drug treatment programs while in prison and during his supervised release. Further, it was unclear whether any inpatient facility would accept Robinson as a patient because of his medical problems. The court stated that it had considered the factors set forth at 18 U.S.C. § 3553 (2000) in imposing sentence.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). If a supervisee is found to have possessed a controlled substance, the court generally must revoke supervised release and impose a term of imprisonment. 18 U.S.C. § 3583(g)(1) (2000); U.S. Sentencing Guidelines Manual § 7B1.4, comment. (n.5) (2002). However, when a defendant has failed a drug test, the court also is required to address whether

the availability of a substance abuse treatment program warrants an exception to the otherwise mandatory term of incarceration. 18 U.S.C. § 3583(d); United States v. Pierce, 132 F.3d 1207, 1208 (8th Cir. 1997); USSG § 7B1.4, comment. (n.6).

Here, especially in light of Robinson's repeated refusal to participate in drug treatment programs, the district court did not abuse its discretion in deciding against a substance abuse program and imposing a term of imprisonment. Further, the court stated that it had considered the factors set forth at 18 U.S.C. § 3553(a) in imposing sentence. We note that courts are not required to discuss each of the factors when imposing sentence. See United States v. Velasquez, 136 F.3d 921, 924 (2d Cir. 1998); United States v. Davis, 53 F.3d at 642.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED