# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1516

_____

United States of America,

        Appellee,

v.

Seth Zimmerman,

        Appellant.

\* Appeal from the United States
\* District Court for the
\* Northern District of Iowa.

\* [UNPUBLISHED]

_____

Submitted: April 7, 2006
Filed: April 11, 2006

_____

Before WOLLMAN, MURPHY and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Seth Zimmerman appeals the sentence the district court[1] imposed following revocation of his supervised release. We affirm.

While on supervised release, Zimmerman admittedly tested positive for methamphetamine on five different occasions. Noting the provisions of 18 U.S.C. § 3583(g)(4) (if defendant, as part of drug testing, tests positive for illegal controlled substance more than 3 times over course of 1 year, court shall revoke supervised

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

release and require defendant to serve term of imprisonment), the district court revoked Zimmerman's supervised release and sentenced him to 18 months' imprisonment and 18 months' supervised release.

On appeal, Zimmerman argues that the district court failed to consider whether he qualified for a substance-abuse treatment option as an exception to mandatory revocation. See 18 U.S.C. § 3583(d) (court shall consider whether availability of appropriate substance-abuse treatment programs, or individual's current or past participation in such programs, warrants exception in accordance with Guidelines from rule of § 3583(g) when considering any action against defendant who fails drug test). We reject this argument. At sentencing, the district court asked the parties for their views as to whether they would dispute the application of the mandatory revocation provision. Based on their responses, which revealed that Zimmerman's drug problem took a turn for the worse while he was at a low-security facility and during his supervised release, and that he failed to benefit from the treatment that was provided to him, the court imposed an 18-month prison sentence which would allow him to participate in a long-term residential drug-treatment program while confined. We conclude the court did not abuse its discretion. See United States v. Hammonds, 370 F.3d 1032, 1038-39 (10th Cir. 2004) (standard of review; finding no abuse of discretion where court did not make specific ruling rejecting application of § 3583(d), because there was no indication court did not recognize its power to grant exception: at sentencing defendant requested order directing treatment rather than revocation, government noted defendant's poor record in treatment programs, and court ordered revocation with in-prison treatment); cf. United States v. Pierce, 132 F.3d 1207, 1207-09 (8th Cir. 1997) (remanding where district court's statements at revocation hearing cast doubt on whether it realized it could order drug treatment as alternative to revocation).

Accordingly, we affirm.

_____