**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 11-3198 |
| v. | (D.C. No. 2:06-CR-20160-JWL-5) |
| RAMON ROBLES, | (D. Kan.) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

In this direct criminal appeal, Defendant-Appellant Ramon Robles challenges the

sentences he received for violating the conditions of his supervised release. We have

jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and AFFIRM.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In March 2008, in the District of Kansas, Robles was adjudicated guilty of two counts of distribution of cocaine in violation of 21 U.S.C. § 841 ("the 2008 conviction"). The district court sentenced Robles to a term of fifty-one months' imprisonment on each count, to be served concurrently, and three years' supervised release on each count, to be served concurrently. The conditions of Robles's supervised release included not committing another federal, state, or local crime, and not unlawfully using or possessing a controlled substance.

In June 2011, while Robles was serving his concurrent terms of supervised release, and after he had repeatedly tested positive for cocaine use, the U.S. Probation Office petitioned the district court to revoke Robles's supervised release, alleging that Robles had, by virtue of his drug tests, "possessed cocaine . . . , a felony punishable by a term of imprisonment exceeding one year." The Probation Office prepared and filed a Violation Report, alleging that Robles had thus violated the condition of his release that he not commit another federal, state, or local crime. The Violation Report alleged that Robles had tested positive for cocaine five times between March 31, 2011, and May 31, 2011; that a sixth preliminarily positive test on June 29, 2011, was pending confirmation; and that Robles had admitted to a U.S. Marshal that he had been using cocaine weekly since May 31, 2011. The Violation Report calculated an advisory sentence range of twenty-one to twenty-four months, based on Robles having committed a Grade B violation under U.S.S.G. § 7B1.1 and having a criminal history category of VI, and taking into account

2

the two-year maximum term of imprisonment under 18 U.S.C. § 3583(e)(3) (supervised release imposed for a Class C felony).

At the revocation hearing, Robles admitted to the facts alleged in the Violation Report. Robles disputed, however, that his conduct as admitted "constitute[d] a violation of federal, state, or local law." After argument, the district court concluded that Robles's positive drug tests constituted "possession" and that "such possession is a violation of federal law." R. v. 2 at 14. Thus, the court found Robles had violated, for each of his two concurrent terms of supervised release, the condition that he not commit another federal offense, a Grade B violation. The court sentenced Robles to the low end of the advisory guidelines range—twenty-one months' imprisonment—for violating each of his two terms of supervised release, to be served concurrently, followed by one year of supervised release for each violation, to be served concurrently.

Robles now appeals, claiming that the district court erred (1) in concluding Robles had committed a Grade B violation, and (2) in failing to consider drug treatment as an alternative to incarceration. We address each argument in turn.

## II. DISCUSSION

### A.     The district court's finding a Grade B violation was not plain error

Robles contends that he has preserved his two arguments against the district court's finding that he committed a Grade B violation, and that our review of the district

court's determination in this regard is therefore de novo.[1]  The Government asserts that

Robles made no objection before the district court.  In response, Robles points to his

statement at the revocation hearing that he "contest[ed]" whether his admitted conduct

(i.e., testing positive for cocaine use and admitting to ingesting cocaine) "constitute[d] a

violation of federal, state, or local law."  See R. v. 2 at 6.  Robles claims that "[i]t was

clear from this statement that [he] was asserting that his violation was a Grade C, rather

than Grade B, violation."  Aplt. Reply Br. at 5, 11.

We disagree.  This general statement was insufficient to put the district court on

notice of Robles's position that the court could not consider his 2008 conviction as a

"prior conviction" for purposes of determining what grade of violation he had committed,

or his position that the district court was not permitted to consider his criminal history in

determining the grade of violation.  Cf. United States v. Flower, 29 F.3d 530, 535-36

(10th Cir. 1994) ("A mere conclusory challenge mimicking the language of the statute

will not suffice to put the court on notice of what objection the defendant is asserting

. . . .").  Accordingly, we review Robles's challenges on these points for plain error.  See

United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006) (where the

defendant challenges "the method by which the district court arrived at his sentence," but

---

[1] Robles also argues, for the first time in his appellate reply brief, that his sentence is "illegal" because it is internally contradictory, thus triggering de novo review.  Aplt. Reply Br. at 6-7.  We do not ordinarily consider arguments raised for the first time in an appellant's reply brief, see Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs., 569 F.3d 1244, 1259, and we decline to do so here.

4

did not object below, plain error review applies). Plain error is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1222 (quoting United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (en banc)).

### 1. The district court did not erroneously consider the 2008 conviction a "prior conviction"

Robles argues that the district court improperly relied on his 2008 federal cocaine distribution conviction to find that his possession of cocaine was a Grade B violation. A Grade B supervised release violation is "conduct constituting [a] federal, state, or local offense punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1.1(a)(2). While simple possession of cocaine is a federal crime, punishable by a term of imprisonment of less than one year if the defendant has no prior relevant drug convictions, it is punishable by imprisonment of a year or more if the defendant has one or more prior relevant drug convictions. See 21 U.S.C. § 844(a).[2]

---

[2] Section 844(a) provides, in pertinent part:

> Any person who violates this subsection may be sentenced to a term of imprisonment of not more than one year, . . . except that if he commits such offense after a prior conviction under this subchapter . . . or a prior conviction for any drug, narcotic, or criminal offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years . . . .

Robles's 2008 conviction under 21 U.S.C. § 841 for distribution of cocaine was a "conviction under this subchapter," i.e., Subchapter I of Chapter 13 of Title 21 of the U.S. Code. Robles tested positive for cocaine use and admitted the weekly use

Continued . . .

Robles argues that the 2008 conviction underlying the terms of supervised release that he violated cannot be a "prior conviction" that triggers § 844's recidivist penalties. (Aplt. Br. at 5-10.) Thus, according to Robles, the district court could not have found a Grade B violation under U.S.S.G. § 7B1.1, because absent § 844's recidivist penalties, possession of cocaine is punishable by not more than one year in prison.

We disagree. Section 7B.1.1 does not mention, let alone distinguish between, "prior convictions" and "instant convictions." It categorizes supervised release violations as Grade A, B, or C, according to their seriousness, as measured, primarily, by the extent to which they are potentially "punishable" by imprisonment. The extent to which any given conduct is punishable by imprisonment, in turn, obviously depends on the type of conduct and the statute under which it is criminalized.

Second, in an analogous situation, the commentary to U.S.S.G. § 7B.1.1 expressly provides that '[w]here the defendant is under supervision in connection with a felony conviction, or has a prior felony conviction, possession of a firearm . . . will generally constitute a Grade B violation, because 18 U.S.C. § 922(g) prohibits a convicted felon from possessing a firearm." See U.S.S.G. § 7B.1.1 cmt. n.5. Thus, a defendant who has been convicted of only one felony, and who possesses a firearm while under supervised release in connection with that one felony, would have that felony counted against him

of cocaine between May 31, 2011 and June 25, 2011. The district court found, and Robles did not contest, that he had "possessed" cocaine in violation of federal law. This possession occurred in 2011, that is, "after" his 2008 conviction under 21 U.S.C. § 841 had become final.

for purposes of determining the grade of his supervised release violation. There is no reason that a defendant convicted of felony drug distribution would not also have that felony counted against him for purposes of determining the grade of his violation.[3]

Robles cites no law in support of his argument that the drug conviction giving rise to the term of supervised release may not be considered in determining the applicable penalty for the conduct constituting a later violation of that term of release. He cites to two different sections of the sentencing Guidelines, which provide (1) that any sentences related to the offense for which one is presently being sentenced cannot count as "prior sentences" for purposes of calculating criminal history, and (2) that the defendant's criminal history is not to be recalculated when sentencing for supervised release violations. See U.S.S.G. §§ 4A1.2(a)(1), 7B1.4. Here the district court was not calculating Robles's criminal history, but rather determining the grade of his supervised release violation. The district court found, with no objection from Robles, (1) that Robles had possessed cocaine in violation of federal law, and (2) that his possession was "after having been convicted for a prior drug felony." The court accepted the Government's representation that Robles's possession was punishable by more than one year in prison under § 844. It was, thus, not error for the district court to find that Robles's supervised release violation was a Grade B violation. Even if it were error, we cannot say, in light of

---

[3] This is distinct from recalculating criminal history for purposes of sentencing for supervised release violations, which is expressly not to be done. U.S.S.G. § 7B1.4 cmt n.1.

7

the absence of authority to the contrary, that the error was plain because it was not "clear or obvious under well-settled law," United States v. Lewis, 594 F.3d 1270, 1289 (10th Cir. 2010). Accordingly, there was no plain error.

### 2. The district court did not erroneously consider Robles's criminal history

Robles argues that the district court was precluded, under the commentary to U.S.S.G. § 7B1.1(a)(2), from considering Robles's prior convictions in determining whether his supervised release violation constituted "conduct constituting [a] federal state, or local offense punishable by a term of imprisonment exceeding one year." He contends that his violation is properly categorized as a Grade C violation. This argument similarly fails the plain error test.

The commentary to the Guidelines' definition of the three grades of supervised release violation provides that "the grade of violation is to be based on the defendant's actual conduct," regardless of whether the defendant is charged with, or convicted of, that conduct in a separate criminal proceeding. U.S.S.G. § 7B1.1 cmt. n.1. Robles contends that the district court was permitted to consider only his "actual conduct," i.e., the cocaine possession that constituted the supervised release violation, regardless of his criminal history. Robles's argument boils down to an assertion that, where the potential penalty for any given conduct is determined in part by recidivist status, a district court may not consider recidivist status in determining what the penalty would be, despite the plain language in U.S.S.G. § 7B1.1(a) that requires a court to distinguish between offenses

8

punishable by a year or less (which are Grade C violations) and those punishable by more than a year (which are Grade B violations).

We disagree. Reading the entirety of Application Note 1 of the commentary to Section 7B1.1, the more plausible reading of "actual conduct" is what the defendant actually did, as opposed to what, if anything, he was charged with, or what, if anything, he was actually convicted of. See United States v. Trotter, 270 F.3d 1150, 1155 (7th Cir. 2001) ("Revocation of supervised release, in other words, proceeds on real-offense rather than charge-offense principles. A judge engaged in real-offense sentencing does not ignore prior offenses that affect the maximum punishment; recidivist enhancements are part of real-offense sentencing.").

Here, what Robles actually did was possess cocaine, in 2011, after having been convicted in 2008 on two counts of distribution of cocaine in violation of 21 U.S.C. § 841. Such possession was a federal crime, punishable by a term exceeding one year. See 21 U.S.C. § 844(a). Moreover, the record reveals that when Robles was sentenced in 2008, before the same district court, he had four prior felony drug possession convictions in Illinois state court. In light of this, even if Robles could demonstrate that there was error that was plain, he cannot demonstrate that any error affected his "substantial rights," because any one of these convictions would have satisfied the "prior conviction"

9

requirement and triggered the heightened penalty of § 844.[4] See United States v. Marcus,

130 S. Ct. 2159, 2164 (2010) ("In the ordinary case, to meet the [substantial rights]

standard, an error must be prejudicial, which means that there must be a reasonable

probability that the error affected the outcome . . . ." (internal quotation marks omitted)).

The district court did not plainly err by categorizing Robles's supervised release violation

as a Grade B violation.

**B.      The district court did not fail to consider treatment alternatives**

Notwithstanding that 18 U.S.C. § 3583(g)(4) makes revocation of supervised

release mandatory for a supervisee who fails more than three drug tests in a year, under

18 U.S.C. § 3583(d), a district court is obligated to

> consider whether the availability of appropriate substance abuse treatment
> programs . . . warrants an exception in accordance with United States
> Sentencing Commission guidelines from the rule of section 3583(g) when
> considering any action against a defendant who fails a drug test.

We review for an abuse of discretion the district court's decision whether to make such

an exception. See Hammonds, 370 F.3d at 1038.

Robles cites Hammonds for the proposition that where a district court does not

recognize that it has the power to grant an exception under 18 U.S.C. § 3583(d) to the

mandatory revocation provision of 18 U.S.C. § 3583(g)(4), its failure to explain on the

---

[4] Nothing in the revocation hearing transcript explicitly references Robles's state convictions, or the 2008 presentence investigation report in which they were detailed, so we cannot say whether or not the district court relied on them to find that Robles's 2011 possession was a felony. But, under plain error review, this diminishes the potential prejudice of any error that may have been made.

record its reasons for rejecting the § 3583(d) exception is an abuse of discretion. We disagree that this case presents that situation.

In Hammonds we found no abuse of discretion, despite the district court's failure to rule specifically on a request for a § 3583(d) exception, because there was "no indication the court did not recognize it had discretion to order enrollment in a substance abuse program." 370 F.3d at 1039. We distinguished United States v. Pierce, 132 F.3d 1207 (8th Cir. 1997) because in Pierce, the record contained affirmative statements by the district court suggesting that it mistakenly believed revocation and incarceration were "required," "mandated," and "mandatory" instead of discretionary. 132 F.3d at 1207-08. Thus, the Eighth Circuit in Pierce was "not convinced that the district court recognized" that it had the option of ordering treatment instead of revocation and incarceration, and the appellate court remanded for resentencing. Id. at 1208-09.

Here, by contrast, there is no evidence that the district court felt bound to revoke Robles's supervised release and incarcerate him. To the contrary, the court recognized that it had the power to "tailor[] the consequences" and "temper the ultimate consequences," but it declined to do so in light of Robles's lengthy criminal history and his "absolute[]" lack of "remorse" for violating the law. R. v. 2 at 17-18, 21. The district court "explained in [its] colloquy with Mr. Bell why [it] was not moved by his arguments" in favor of alternative dispositions. R. v. 2 at 21. Under Hammonds, on this record, the fact that the district court did not explicitly invoke, and then reject, the § 3583(d) exception does not mean the district court failed to consider the option. See

11

<u>Hammonds</u>, 370 F.3d at 1038-39.  There was no abuse of discretion.

## III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

12