# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3109
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony D. Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: March 11, 2024
Filed: April 1, 2024
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Anthony Smith pleaded guilty to aiding and abetting possession of methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. § 2. While on supervised release for this offense, Smith tested positive for illegal controlled substances on four occasions over the course of a few months. Noting 18 U.S.C.

§ 3583(g)(4), the district court[1] revoked Smith's supervised release and sentenced him to 11 months' imprisonment and 48 months' supervised release. *See id.* ("If the defendant[,] . . . as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year[,] the court shall revoke the term of supervised release . . . .").

Smith appeals and argues that the district court abused its discretion by failing "to give full consideration" to the substance-abuse-treatment exception to mandatory revocation. *See id.* § 3583(d) ("The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception . . . from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."); U.S.S.G. § 7B1.4 cmt. n.6.

Assuming for the sake of argument that Smith preserved this contention for appellate review,[2] we reject it. At sentencing, the district court noted its power "to exempt the defendant from that mandatory provision," but found "no basis to do that in this particular case." *Compare United States v. Pierce*, 132 F.3d 1207, 1208 (8th Cir. 1997) (vacating revocation because the district court did not recognize its authority under § 3583(d) "to provide for treatment rather than imprisonment"), *with United States v. Kaniss*, 150 F.3d 967, 968-69 (8th Cir. 1998) (affirming revocation because the district court "was aware" of the exception). This case is analogous to *Kaniss* because, as Smith admits, the district court was aware of its authority to exempt Smith from mandatory revocation.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

[2]At sentencing, Smith did not dispute the applicability of the mandatory-revocation provision. Instead, he invited the district court to impose a 6 month term of revocation imprisonment.

The district court went on to find revocation "appropriate" due to the sheer number of Smith's violations; Smith's criminal history, which includes a "very extensive conspiracy," in addition to convictions for drug trafficking, attempted murder, and being a felon in possession of a firearm; and the fact that Smith "continues to associate with persons engaged in criminal activity, including drugs." We cannot say that the district court abused its discretion in determining that an exception to the mandatory-revocation rule was not warranted. *See United States v. Hammonds*, 370 F.3d 1032, 1038-39 (10th Cir. 2004); *United States v. Hole*, 774 F. App'x 1007, 1008-09 (8th Cir. 2019).

Affirmed.

_____