**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIMOTHY BERNARD RIGGANS,

    Defendant-Appellant.

No. 08-3290

(D.C. No. 2:99-CR-20056-JWL-DJW-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Marietta Parker, Acting United States Attorney, and Leon Patton, Assistant
United States Attorney, Kansas City, Kansas, for Plaintiff-Appellee.

Raymond P. Moore, Federal Public Defender, and Vicki Mandell-King, Assistant
Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

---

Before **MURPHY**, **BALDOCK,** and **HARTZ**, Circuit Judges.[**]

---

    A jury convicted Defendant Timothy Riggans of federal bank larceny in
violation of 18 U.S.C. § 2113(a). The district court sentenced him to 120 months in
prison followed by three years' supervised release. As part of the conditions of

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

Defendant's supervised release, the court ordered him to participate in a substance abuse program, including regular drug testing, counseling, and treatment, and to make payments toward any unpaid monetary assessments on his conviction. Within three months of Defendant's release from prison, a probation officer filed a petition to revoke his supervised release, alleging Defendant had violated its terms by: (1) possessing cocaine, as evidenced by a positive drug test; (2) failing to report to his probation officer; (3) failing to participate in an approved substance abuse program; and, (4) failing to make payments toward his unsatisfied fine since his release from custody.

Defendant has a criminal history category of VI because of his prior convictions and career offender status. His possession of a controlled substance constitutes a Grade B violation of supervised release.[1] As Defendant's violation report indicated, the Chapter 7 Policy Statements of the Sentencing Guidelines suggest a sentencing range of 21–27 months' imprisonment. <u>See</u> U.S.S.G. § 7B1.4(a). Because bank larceny is a Class C felony, however, 18 U.S.C. § 3583(e)(3) sets his maximum term of imprisonment at 24 months: "[A] defendant whose term is revoked under this paragraph may not be required to serve on any such

---

[1] The Sentencing Guidelines define a Grade B violation of supervised release as conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year. U.S.S.G. § 7B1.1(a)(2). Kansas defines possession of cocaine as a drug severity level 4 felony and imposes a sentence greater than one year imprisonment for such felonies. Kan. Stat. Ann. §§ 65-4160, 21-4708.

revocation more than . . . 2 years in prison if such offense [that resulted in a term of supervised release] is a class C or D felony. . . . ." 18 U.S.C. § 3583(e)(3). Defendant's suggested sentencing range under the advisory policy statements, therefore, was 21–24 months.

At his revocation hearing, Defendant admitted all of the petition's allegations. Section 3583(g)(3) requires a court that finds a defendant has "refuse[d] to comply with drug testing imposed as a condition of supervised release... shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3)."[2] 18 U.S.C. § 3583(g)(3). The district court, therefore, concluded it must impose a term of imprisonment upon revocation of Defendant's supervised release because he failed to comply with the drug testing imposed as a condition of his supervised release. Ultimately, the district court imposed the statutory maximum prison sentence of 24 months. Defendant on appeal disputes the substantive reasonableness of that sentence. Exercising jurisdiction under 18 U.S.C. § 3742(a)

---

[2] Section 3583(d) provides an exception to § 3583(g)'s mandatory revocation provision by granting district courts discretion to reinstate a defendant to supervised release (after consideration of certain factors listed in (d)). But, we have held that § 3583(d)'s exception to mandatory revocation does not apply to (g)(3) violations of supervised release. See United States v. Hammonds, 370 F.3d 1032, 1038 n.5 (10th Cir. 2004) (concluding the "exception provided in subsection (d) to mandatory revocation appears now to apply to revocations under either (g)(1) or (g)(4)" but not to (g)(2) or (g)(3)). The district court found Defendant had violated the terms of his supervised release in contravention of (g)(3) to which § 3583(d)'s exception does not apply.

and 28 U.S.C. § 1291, we affirm.

I.

In imposing a sentence after revocation of supervised release, the district court must consider both the advisory policy statements in Chapter 7 of the Sentencing Guidelines and the factors provided in 18 U.S.C. § 3553(a). United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006). The district court, however, is not required to consider individually each § 3553(a) factor nor "recite any magic words" before issuing a sentence. Id. at 1189. The district court need only consider § 3553(a) en masse and state its reasons for imposing a given sentence. United States v. Kelley, 359 F.3d 1302, 1305 (10th Cir. 2004).

Following United States v. Booker, 543 U.S. 220 (2005), and its progeny, we review all sentences for reasonableness under a deferential abuse of discretion standard.[3] See Rita v. United States, 551 U.S. 338, 351 (2007); see also United

---

[3] The United States Sentencing Commission never created "guidelines" for revocation of supervised release; instead, the Commission crafted policy statements to provide courts greater flexibility in imposing revocation sentences. U.S.S.G. ch. 7, pt. A, intro. cmts 1, 3(a)(2008). Prior to Booker, we reasoned "[b]ecause there is no applicable sentencing guideline for the sentence to be imposed after a violation of supervised release, our standard of review is 'plainly unreasonable.'" Kelley, 359 F.3d at 1304; see also 18 U.S.C. § 3742(a)(4) (stating the applicable standard of review for a sentence for which there is no sentencing guideline is "plainly unreasonable"). We often said this means the sentence imposed must be "reasoned and reasonable." Id. We have now recognized that this is the same level of review as the reasonableness standard of review called for by Booker and its progeny. In United States v. Contreras-Martinez, 409 F.3d 1236, 1241, n.2 (10th Cir. 2005), we stated that "reasoned and reasonable" is the "precise analysis now required for the
(continued...)

4

States v. Smart, 518 F.3d 800, 805 (10th Cir. 2008) ("[W]e now review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."). Reasonableness has two parts: procedural reasonableness and substantive reasonableness. United States v. Zapata, 546 F.3d 1179, 1192 (10th Cir. 2008). "A sentence is substantively unreasonable if its length is unreasonable in light of the sentencing factors set forth in § 3553(a)." Id. Sentences imposed within the correctly formulated Sentencing Guidelines range are presumptively reasonable on appeal, unless the defendant rebuts "this presumption by demonstrating that the sentence is unreasonable in light of other sentencing factors laid out in § 3553(a)." United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006).

As part of this analysis, "we review the district court's findings of fact for clear error and its legal interpretations of the Sentencing Guidelines de novo." Kelley, 359 F.3d at 1304. We find an abuse of discretion where "a decision is either 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.'" U.S. v. McComb, 519 F.3d 1049, 1054 (10th

---

[3](...continued)
application of all sentencing guidelines by the Supreme Court's recent decision in United States v. Booker." See United States v. Bolds, 511 F.3d 568, 575 (6th Cir. 2007) ("[T]here is no practical difference between Booker's 'unreasonableness' review and the 'plainly unreasonable' standard. . . ."). We, therefore, apply Booker's reasonableness review to the sentence imposed upon revocation of Defendant's supervised release.

Cir. 2007) (quoting <u>Cartier v. Jackson</u>, 59 F.3d 1046, 1048 (10th Cir.1995)). A district court also abuses its discretion when it imposes a sentence that "is arbitrary, capricious, whimsical, or manifestly unreasonable." <u>United States v. Sells</u>, 541 F.3d 1227, 1237 (10th Cir. 2008) (internal quotations omitted).

## II.

The district court in this case explained on the record that it considered the factors and objectives in § 3553(a), including "the nature and circumstances of the violations, the characteristics of the defendant, and the sentencing objectives set forth by statute. . .[as well as] the advisory non-binding Chapter 7 policy statements. . . ." (Revocation Hr'g Tr. 27, Oct. 9, 2008). After this analysis, though it was impressed with Defendant's eloquent and remorseful presentation at the revocation hearing, the court concluded Defendant has an extensive, "dangerous [criminal] history, and he has shown himself not amenable to supervision, as evidenced through the positive drug test and failure to report when treatment was offered." (Hr'g Tr. 27–28). Moreover, although Defendant expressed remorse at the revocation hearing and demonstrated some progress since his release (by procuring a residence, employment, and a bank account), the district court noted that he led the United States Marshals on a high-speed car chase when they tried to arrest him on the revocation warrant, driving in excess of one hundred miles per hour.

A shorter sentence than the statutory maximum may, as Defendant contends, have been sufficient but not greater than necessary to satisfy the goals of sentencing.

We recognize, however, "in many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." McComb, 519 F.3d at 1053. The district court sentenced Defendant within the presumptively reasonable, rational Guidelines range. Given the facts presented and the district court's reasoned analysis, and absent any clear errors of fact or discernable errors of law, we cannot say the within-Guidelines range sentence of 24 months constituted an abuse of discretion.

**AFFIRMED.**


Entered for the Court,


Bobby R. Baldock
United States Circuit Judge