**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RICO LAMAR THREATT,

      Defendant - Appellant.

No. 09-6137

(W.D. Oklahoma)

(D.C. No. CR-03-00192-HE-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Rico Lamar Threatt appeals from the imposition of a ten-month sentence following the revocation of his supervised release. We affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Mr. Threatt was initially charged in a one-count indictment with possession of a firearm after previously being convicted of a felony. He pled guilty and was sentenced to twenty-eight months' imprisonment, followed by three years of supervised release. After Mr. Threatt completed his first term of imprisonment, he violated a condition of his supervised release. His release was revoked, and he was sentenced to a new term of seven months' imprisonment, followed by twenty-eight months of supervised release.

While serving his second (twenty-eight month) term of supervised release, a second revocation petition was filed, alleging that Mr. Threatt had once again violated the conditions of his supervised release. Specifically, the petition alleged that Mr. Threatt violated the terms of his supervised release by (1) submitting urine specimens on four occasions in March and April 2009 which tested positive for phencyclidine (PCP), and (2) admitting to his probation officer on April 28, 2009 that he used PCP frequently during March and April of 2009.

On May 11, 2009, a revocation hearing took place. At the conclusion of the hearing, the district court continued the hearing to June 22, 2009, to enable Mr. Threatt to show that he could comply with the terms of his supervised release. After the June 22 hearing, the district court determined that Mr. Threatt had violated the terms of his supervised release and revoked it. Mr. Threatt was then sentenced to ten months' imprisonment, a sentence within the advisory range of

six to twelve months stipulated by the United States Sentencing Commission, Guidelines Manual ("USSG").  This appeal followed, in which Mr. Threatt argues that the ten-month sentence imposed upon revocation of his term of supervised release was unreasonable.

**DISCUSSION**

Under the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583, when a person violates the conditions of his or her supervised release, the district court may modify the conditions of release or revoke the term of supervised release and impose prison time.  See United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004).  "In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.S. § 3553(a)."  United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).  The district court is not required, however, to consider individually each § 3553(a) factor, nor "recite any magic words" before imposing a sentence.  Id. at 1189.  The district court need only consider § 3553(a) en masse and state its reasons for imposing a given sentence.  Id.

Furthermore, following United States v. Booker, 543 U.S. 220 (2005), and its progeny, we review all sentences for reasonableness, applying a deferential abuse of discretion standard.  See Rita v. United States, 551 U.S. 338, 351 (2007).

This applies equally to sentences imposed following the revocation of a defendant's supervised release. See United States v. Contreras-Martinez, 409 F.3d 1236, 1241 n.2 (10th Cir. 2005). Mr. Threatt argues that the ten-month sentence imposed in this case is unreasonable because "the district court's reasons for the sentence were based primarily on Mr. Threatt's severe drug problem . . . [and] [t]he violations of supervised release committed in this case when viewed in the context of Mr. Threatt's otherwise law-abiding conduct are not of sufficient magnitude to warrant a sentence of imprisonment of 10 months." Appellant's Br. at 7.

After reviewing the entire record, we conclude that the sentence imposed was reasonable. At the initial revocation hearing, on May 11, 2009, the district court noted that Mr. Threatt's case was not the typical case of repeated violations of the terms of supervised release. Indeed, the court noted that Mr. Threatt had been making efforts in many areas of his life to improve himself and avoid violating his supervised release. Thus, the court observed:

> THE COURT: Well, I can't say there are a lot of good options here. We've obviously wrestled with this on a number of occasions resulting in the revocation once before. Frankly, in the normal circumstance that I deal with when somebody has been revoked once and they are back here for the same thing again, I have a strong temptation to just revoke it again so that there's some penalty for the violation, and then go on down the line without any further supervision. I mean, by the time we revoked the first time, revoking is not the first thing we resort to. It's kind of the last resort after we've tried everything else. And so here we are with reuse again.

> Against that, this, too, is a little unusual with Mr. Threatt, and that is he comes here unlike many in this circumstance with at least some indication that he's trying . . . he's employed, apparently, and trying to better himself through education and so on, and that's not true in a great many cases. And I, frankly, am frustrated at the possibility of just sending him back to jail again, because I'm not sure, apart from teaching a lesson for violating the terms, that that ultimately helps solve anything. That may be where we end up.
>
> . . .
>
> I'll just say that I'm not going to take any substantive action with respect to the petition today, but I'm going to continue this hearing until [June 22]. By that time there will have been additional [urine tests] and . . . [b]y that time you will have had the opportunity to explore this latest treatment plan to see if that works. . . . And as I see it I'm giving you one last chance to prove to me that there's a reason for us not to just pull the plug and go on down the road. And I very much hope that you'll come in here in six weeks with no problems in the meantime and still employed . . . you've got plenty of reason to grab ahold of this and figure out a way to deal with the drugs.

Tr. of 5/11/09 Revocation Hr'g at 16-18, R. Vol. 3.

The previously adjourned revocation hearing was again convened on June 22, 2009. At that hearing, defense counsel revealed to the court that Mr. Threatt admitted to the probation office that he had used drugs on a couple of occasions since the last court hearing. After listening to all parties involved, the court stated:

> Well, this is a difficult situation, of course. We've been down this road once before with Mr. Threatt, and I revoked him once previously for the same sorts of violations. That revocation, of course, came only after a variety of alternatives had been considered. We're now here again after multiple opportunities to try and address

the concern with the drug use again, and we continue to not have any luck.

I don't minimize the difficulty of breaking an addiction like this. On the other hand, it's something that he's going to have to come to grips with and fix at some point if his life is ever to move in other than an utterly self-destructive direction. And I don't know that there's a good solution here, but it seems to me that under the circumstances where we have . . . admitted multiple violations of the terms of supervised release, apparently a long-running course of conduct even since our rescheduled hearing that reflects the same kind of ongoing violations, I think plainly there has to be consequences for that.

And so I am going to find on the basis of the admitted violations that the supervised release for Mr. Threatt should be and is hereby revoked. He will be committed to the custody of the Bureau of Prisons for a term of ten months. At the conclusion of that ten months I, frankly, am disinclined to order some further period of supervised release. . . . I will include with the commitment order to the Bureau of Prisons a recommendation that he participate in whatever drug abuse programs are reasonably available to him based on the term of incarceration that I'm ordering now. But I think basically we've done all that I know to do in terms of getting these violations handled and dealing with Mr. Threatt's situation.

As I say, it's not a situation that I enjoy any more than anybody else here does, but I think it's what the law requires and what the circumstances required, and that will be the order of the Court.

Tr. of 6/22/09 Revocation Hr'g at 6-8, R. Vol. 3.

The district court's ten-month sentence was reasonable. As indicated above, in determining a sentence for a defendant following the violation of the defendant's terms of supervised release, the district court must consider both the Policy statements of Chapter 7 of the USSG as well as factors set forth in § 3553(a). The range of imprisonment is calculated by reference to the revocation table contained in USSG §7B1.4(a). Given that Mr. Threatt's violation of his

-6-

condition of release was a Class C, and his criminal history category was IV, the applicable Guidelines advisory range was six to twelve months' imprisonment. The ten months imposed was within that range. Mr. Threatt does not specify what policy statements or § 3553(a) factors should have suggested a different sentence to the district court. Indeed, although the court was clearly particularly concerned about Mr. Threatt's repeated drug use, it stated that the sentence imposed was the most appropriate given all the circumstances of the case. Further, the court made every effort to permit Mr. Threatt to establish that he could comply with his conditions of release before it reluctantly imposed the ten-month sentence. In short, we cannot conclude that the district court abused its discretion in sentencing Mr. Threatt, or imposed anything other than a reasonable sentence.

## CONCLUSION

For the foregoing reasons, the sentence is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-7-