FILED
United States Court of Appeals
Tenth Circuit

June 2, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUKE A. MORAN,

Defendant - Appellant.

No. 09-3277 & 09-3278
(D. Ct. No. 6:04-CR-10215-MLB-1 &
6:05-CR-10071-MLB-1)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA**, **HOLLOWAY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Luke Moran appeals the length of his sentence imposed upon violating the conditions of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.  BACKGROUND

In 2005, Mr. Moran was convicted of one count of being a felon in possession of a firearm and one count of possession with intent to distribute marijuana.  He was sentenced to 27 months on the firearm conviction and 15 months on the marijuana conviction, with the sentences to be served concurrently.  He was also sentenced to a three-year term of supervised release to follow both terms of imprisonment.

After he had served his prison terms, Mr. Moran began his terms of supervised release.  While on supervised release, however, Mr. Moran violated his release conditions by possessing a controlled substance, consuming alcohol, and failing to complete a substance abuse program.  On the government's petition, the district court revoked Mr. Moran's supervised release and imposed additional prison sentences for those violations. Based on the severity of the violations and Mr. Moran's criminal history, the United States Sentencing Guidelines recommended a sentence of 4–10 months' imprisonment for each of the two terms of supervised release that Mr. Moran had violated.  *See* U.S.S.G. § 7B1.4(a).  Ultimately, the district court sentenced him to 10 months' imprisonment for violating his supervised release stemming from the firearm conviction and to 10 months' imprisonment for violating his supervised release stemming from the marijuana conviction.  The court ordered that the prison sentences be served consecutively.  Mr. Moran timely appeals.

# II.  DISCUSSION

When a person violates the conditions of his supervised release, the district court

may modify the conditions of release, or the court may revoke the release in its entirety and impose a prison sentence for the violation. *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004). "In imposing a sentence following revocation of supervised release, a district court is required to consider both [the United States Sentencing Guidelines] Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). We review all sentences, including those imposed for violations of supervised release, for reasonableness. *See United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 & n.2 (10th Cir. 2005).[1]

In this case, Mr. Moran challenges only the length of his sentences, contending that "[t]he 20 month sentence for supervised release violations following a 27 month sentence on the original charges [i]s unreasonable because the supervised release violations were not as serious as the original charges." According to Mr. Moran, "the comparative value of the sentence is inconsistent with avoiding unwarranted sentencing disparities referenced in 18 U.S.C. § 3553(a)(6)."

We begin by clarifying that the district court did not sentence Mr. Moran to a single 20-month prison term for violating a single term of supervised release. Rather, the court imposed two consecutive 10-month sentences based on the fact that Mr. Moran violated two terms of supervised release. Significantly, each 10-month sentence is within

---

[1]*See also United States v. Threatt*, No. 09-6137, 2009 WL 3601239, at *1 (10th Cir. Nov. 3, 2009); *United States v. Riggans*, No. 08-3290, 2009 WL 3166955, at *2 & n.3 (10th Cir. Sept. 5, 2009).

the range recommended by U.S.S.G. § 7B1.4(a); and, in selecting the particular sentence, the district court considered that the judicial system had repeatedly (and unsuccessfully) tried to teach Mr. Moran to "get [his] life straight," that Mr. Moran had not consistently tried to better himself since being released from prison, and that punishment was the only appropriate choice for the court in such circumstances. Accordingly, we cannot say that in this case the length of those individual sentences is unreasonable. *Cf. Contreras-Martinez*, 409 F.3d at 1241 ("[T]he court's election to apply [the relevant Chapter 7 policy statement] exactly as written was not unreasonable."); *see also* 18 U.S.C. § 3553(a)(1) (a sentencing court must consider the history and characteristics of the defendant) and (a)(2) (a sentencing court must consider the need to promote respect for the law and to provide just punishment for the offense).

Nor do we find error in the district court's decision to impose the two 10-month terms consecutively. Under 18 U.S.C. § 3584, a district court has discretion to impose consecutive sentences after the revocation of supervised release, and given the circumstances identified above, we find the exercise of that discretion reasonable in this case. *See Cordova*, 461 F.3d at 1189; *see also* 18 U.S.C. § 3584(b) (a sentencing court must consider the § 3553(a) factors in determining whether to impose consecutive sentences). In so finding, we note that we have previously rejected the argument advanced by Mr. Moran that a sentence upon revocation of supervised release must be proportional to the sentence for the underlying conviction. *See Kelley*, 359 F.3d at 1306–07.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Moran's sentence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge