**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4981**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CASSANDRA BLACK,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad, Jr.,
Chief District Judge.  (3:07-cr-00105-RJC; 1:04-cr-00226-1)

———————————

Submitted:  June 20, 2008              Decided:  July 14, 2008

———————————

Before MOTZ and TRAXLER, Circuit Judges, and WILKINS, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Claire J. Rauscher, Executive Director, Ann L. Hester, Steven
Slawinski, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.,
Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert,
United States Attorney, Charlotte, North Carolina; Amy E. Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cassandra Black appeals an eighteen-month sentence imposed upon revocation of her term of supervised release. Black contends on appeal that the district court erred in determining her revocation sentence by considering a factor that was not permitted by 18 U.S.C. § 3583 (e) (2000). We affirm.

A sentence imposed after revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). We must initially determine the reasonableness of the revocation sentence by generally following the procedural and substantive considerations employed in a review of original sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If the revocation sentence is not unreasonable, it will be affirmed; however, if the sentence is in some manner procedurally or substantively unreasonable, there must be a second determination of whether it is plainly so. Id. at 439.

Black contends her sentence is plainly unreasonable because the district court impermissibly considered promoting respect for the law as a factor in fashioning its sentence. While a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the

- 2 -

statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider the Chapter Seven policy statements as well as the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2000). Section 3583 approves consideration of a majority of the factors listed in § 3553(a), omitting only two. 18 U.S.C. § 3583(e). Included among the omitted factors is the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

The district court offered multiple reasons supporting its decision to impose an eighteen-month sentence. First, the court considered Black's serious medical condition that was both caused and exacerbated by continued substance abuse. The court noted that Black tested positive for cocaine while in the hospital and concluded that the medical care and substance abuse treatment she could receive while incarcerated would be in her best interest. Next, the court considered that this was the second time Black's term of supervised release had ended in failure. The court noted that the fifteen-month term of imprisonment imposed after Black's first revocation did not deter her from falling into a pattern of misconduct upon her release. Finally, the court considered the Government's recommendation that a term of imprisonment above the advisory guideline range be imposed, and stated: "I think it is in

the best interest of you to [serve eighteen months' imprisonment].

It also promotes respect for the law.  There has been just utter

disrespect for the probation office and the terms and conditions of

supervised release."

Even assuming the district court improperly considered a

factor not specifically permitted by 18 U.S.C. § 3583(e), we

nevertheless conclude that Black's sentence is not plainly

unreasonable.  Here, the district court's focus at sentencing was

on the potential to provide Black with much needed medical and

substance abuse treatment.  The court further focused on Black's

history of failing to comply with the terms of supervised release.

While the court referenced the omitted factor of promoting respect

for the law, it tempered this reference by subsequently referring

to the disrespect Black had specifically shown the probation

office.  Therefore, the district court primarily based the

revocation sentence on permissible factors, rendering the resulting

sentence not plainly unreasonable.  See United States v. Lewis, 498

F.3d 393, 399-400 (6th Cir. 2007) (rejecting a per se rule that

consideration of § 3553(a)(2)(A) results in an unreasonable

sentence, plainly or otherwise, and instead interpreting § 3583(e)

as requiring consideration of the enumerated factors in § 3553(a)

without forbidding consideration of other relevant factors), pet.

for cert. filed, __ U.S.L.W. __ (U.S. Apr. 11, 2008) (No. 07-1295);

United States v. Williams, 443 F.3d 35, 47-48 (2d Cir. 2006)

(same); cf. United States v. Miqbel, 444 F.3d 1173, 1182-83 (9th Cir. 2006) (stating in dicta that while it did "not suggest that a mere reference to promoting respect for the law would in itself render a sentence unreasonable," it could result in reversible error if the record failed to establish that permissible factors were properly considered and formed the basis of the sentence).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED