**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4912**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

KEITH BELL,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Henry E. Hudson, District
Judge.  (3:05-cr-00452-HEH-1)

---

Submitted:  May 31, 2012            Decided:  June 13, 2012

---

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Paul G. Gill, Assistant Federal Public Defenders,
Richmond, Virginia, for Appellant.  Olivia L. Norman, OFFICE OF
THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Bell appeals the district court's order revoking his supervised release and sentencing him to twenty-four months of imprisonment. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether the district court failed to recognize and exercise its discretion to exempt Bell from the mandatory revocation and imprisonment directed by 18 U.S.C. § 3583(g) (2006). See 18 U.S.C. § 3583(d). In his pro se supplemental brief, Bell suggests that the district court erroneously determined that he had failed to successfully complete a drug treatment program. We affirm.

Generally, we review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). However, because Bell did not object to the district court's revocation of his supervised release, we review for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993). To satisfy the plain error standard, an appellant must show: "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Bell satisfies these requirements, correction of the error is appropriate only if we conclude that the error

2

"seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

Under § 3583(g), a district court must revoke supervised release and impose a term of imprisonment for a defendant who violates the terms of his supervised release by illegally possessing a controlled substance or testing positive for such substances more than three times in one year. However, "when considering any action against a defendant who fails a drug test," § 3583(d) requires the court to consider "whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception" from the mandatory revocation and imprisonment directed by § 3583(g). See United States v. Hammonds, 370 F.3d 1032, 1038 (10th Cir. 2004).

Here, the record demonstrates that the district court acknowledged and exercised its discretion under § 3583(d). The court heard counsel's submissions regarding possible non-custodial dispositions during Bell's revocation hearing, but indicated that Bell's chronic history of drug abuse all but ruled out such options as appropriate. See United States v. Kaniss, 150 F.3d 967, 968-69 (8th Cir. 1999). Further, the district court did not cite a statutory imperative for its disposition, focusing instead on Bell's consistent inability to

3

succeed in drug treatment programs and his lengthy criminal history as counseling for revocation and imprisonment. See United States v. Crace, 207 F.3d 833, 835 (6th Cir. 2000). The record also belies Bell's suggestion that he has in fact fully and successfully completed a drug treatment program. Therefore, we find no error, plain or otherwise, in the revocation of Bell's supervised release and the imposition of his twenty-four month sentence.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the judgment below. This court requires that counsel inform Bell, in writing, of his right to petition the Supreme Court of the United States for further review. If Bell requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED