**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4026**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DOMINIQUE RASHEED WELDON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:09-cr-00287-H-1)

Submitted:  August 6, 2013              Decided:  August 23, 2013

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Rasheed Weldon appeals the twenty-four-month sentence imposed upon revocation of supervised release. Finding no error, we affirm.

We will affirm a sentence imposed following revocation of supervised release if the "sentence is within the applicable statutory range . . . and is not plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). Such a sentence is procedurally reasonable if the district court considered both the policy statements in Chapter Seven of the Sentencing Guidelines and any pertinent 18 U.S.C. § 3553(a) (2006) factors. Crudup, 461 F.3d at 440. A sentence is substantively reasonable if the district court states a proper basis for the sentence. Id. Where, as here, the sentence departs from the Chapter 7 policy statement range, the court must make "explicit the reasons for its departure." See United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). If the sentence is not unreasonable, we will affirm because "a sentence that is not unreasonable also is not plainly unreasonable." Crudup, 461 F.3d at 439.

None of Weldon's challenges to the procedural reasonableness of his sentence has merit. First, he complains that the district court identified the need "to promote respect for the law" as one of several reasons for imposing the selected sentence. Weldon correctly states that this § 3553(a)(2)(A) factor is not among the factors identified in 18 U.S.C. § 3583(e) that a court may consider prior to imposing a revocation sentence. However, consideration of an omitted § 3553(a) factor does not render a revocation sentence plainly unreasonable, especially where, as here, the district court primarily relied on permitted factors in selecting the sentence. See United States v. Black, 289 F. App'x 613, 614-15 (4th Cir. 2008); United States v. Lewis, 498 F.3d 393, 399-400 (6th Cir. 2007).

Weldon also argues that the court gave an insufficient explanation for the twenty-four-month sentence, which is well above the recommended Chapter 7 policy statement range of six-twelve months. The record reflects that the court cited as reasons for the selected sentence Weldon's extensive criminal history beginning at age sixteen, his gang affiliation, his poor work record, and his having failed multiple drug tests administered over a short period of time. We conclude that this explanation was sufficient.

3

Finally, Weldon contends that the district court did not consider placing him in a substance abuse treatment program in lieu of incarceration. See 18 U.S.C. § 3583(d) (2006). While the record is silent as to whether the court considered this alternative to incarceration, we note that, in the absence of evidence to the contrary, the district court is presumed to have properly recognized and exercised its discretion under § 3583(d). United States v. Hammonds, 370 F.3d 1032, 1038-39 (10th Cir. 2004). We find nothing in the record that would rebut this presumption.

Because Weldon's sentence is not plainly unreasonable, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED

4