FILED
United States Court of Appeals
Tenth Circuit

March 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

 v.

ROBBY ALAN MURPHY,

     Defendant – Appellant.

Nos. 13-3132 & 13-3134
(D.C. Nos. 6:00-CR-10106-01-MLB-1 &
6:11-CM-60014-01-MLB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY, BALDOCK,** and **HARTZ,** Circuit Judges.[**]
_____

Defendant Robby Alan Murphy had his supervised release revoked and was resentenced to two concurrent 24-month terms of imprisonment. He admitted below that he used and possessed controlled substances in violation of his conditions of supervised release for a prior offense. On appeal Defendant acknowledges his admissions triggered the mandatory revocation of his supervised release under 18 U.S.C. § 3583(g)(1) and (4). He argues, however, that the district court erred by failing to consider the exception to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases therefore are ordered submitted without oral argument.

revocation contained within 18 U.S.C. § 3583(d) that would have allowed him to enter a substance abuse treatment program instead. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

Defendant's appeal fails under United States v. Hammonds, 370 F.3d 1032 (10th Cir. 2004). In Hammonds, we stated:

> the decision to apply the [§ 3853](d) exception is at the discretion of the district court, we review this decision for an abuse of discretion. We first note that the district court here did not make a specific ruling on the record rejecting application of the subsection (d) exception in this case or explaining the reasons for such a rejection. This alone does not constitute an abuse of discretion, however, as there is no indication the court did not recognize that it could grant the exception.

Id. at 1038–39. Defendant acknowledges the district court was within its authority to revoke his supervised release. He also acknowledges "no 'magic words'" are required to indicate substance abuse treatment was considered as an option. Def's Op. Br. at 10 (quoting Hammonds, 370 F.3d at 1039). Defendant nevertheless argues Hammonds is distinguishable because the district court there "at least made an attempt to address the substance treatment issue by recommending that the defendant be placed in a treatment program while in prison." Def's Op. Br. at 11 (citing Hammonds, 370 F.3d at 1039).

Here, Defendant and the Government each raised the § 3583(d) treatment exception at the revocation hearing. The district court implicitly rejected the option, albeit briefly, stating, "At some point, people have to take control of their own life and not depend on counselors, psychiatrists, [and] psychologists . . . ." This statement indicates the court recognized it could, but nevertheless declined to, grant the treatment

exception Defendant sought.  Accordingly, Defendant's attempt to distinguish Hammonds fails.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge