**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JIMMY EUGENE RHODES,

  Defendant - Appellant.

No. 20-6161
(D.C. No. 5:01-CR-00202-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Jimmy Eugene Rhodes argues his sentence for violation of supervised release

conditions is substantively unreasonable.  Exercising jurisdiction under 18 U.S.C.

§ 3742(a) and 28 U.S.C. § 1291, we affirm.

Mr. Rhodes commenced supervised release after serving a 260-month sentence for

drug and firearms offenses.  Seven months later, the district court found he had violated

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

the terms of his supervised release to refrain from using drugs, participate in a substance abuse program, and not violate any other laws. Mr. Rhodes had failed 10 to 13 drug tests for methamphetamine or marijuana, was arrested for driving on a revoked license, and was found in possession of methamphetamine. ROA, Vol. 2 at 22, 24-28, 45-46; Supp. ROA at 8-10. He declined to participate in an in-patient drug treatment program. Supp. ROA at 10; *see* ROA, Vol. 2 at 49-50. The court revoked his supervised release and sentenced him to 10 months in prison.

We review the substantive reasonableness of a sentence for violations of supervised release for abuse of discretion. *United States v. Rausch*, 638 F.3d 1296, 1302 (10th Cir. 2011), *overruled on other grounds by United States v. Bustamante-Conchas*, 850 F.3d 1130 (10th Cir. 2017). A revocation-of-supervised-release sentence within the range suggested by the United States Sentencing Commission's ("U.S.S.C.") policy statements is presumed to be substantively reasonable. *See United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011).

The district court found that the U.S.S.C.'s policy statement recommended a sentence between 8 to 14 months. ROA, Vol. 2 at 72-73; *see* Supp. ROA at 6-7; United States Sentencing Guidelines ("U.S.S.G.") § 7B1.4. Mr. Rhodes does not dispute this calculation, Aplt. Br. at 8, so his sentence is presumptively reasonable. His attempts to overcome this presumption fail.

First, Mr. Rhodes contends the district court improperly weighed the sentencing factors under 18 U.S.C. § 3553(a). At the revocation hearing, the court said it had considered the § 3553(a) factors and pointed to Mr. Rhodes's repeated drug use and

2

arrest while on supervised release. ROA, Vol. 2 at 73. This court defers to the relative weight a district court gives to the sentencing factors. *See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). We see nothing in the record to suggest an abuse of discretion.

Second, Mr. Rhodes asserts the district court failed to consider granting an exception to the mandatory revocation requirement to allow him to participate in a substance abuse program. When a defendant has more than three positive drug tests in one year, "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment." 18 U.S.C. § 3583(g)(4). But the court must consider whether "the availability of appropriate substance abuse treatment programs . . . warrants an exception." *Id.* § 3583(d); *see* U.S.S.G. § 7B1.4 Note 6.

Because Mr. Rhodes had claimed he had no drug problem and declined in-patient treatment just weeks before his revocation hearing, the court did not abuse its discretion when it sent him to prison rather than a drug program. Supp. ROA at 10; *see* ROA, Vol. 2 at 49-50. The court's lack of a specific ruling on the exception is not an abuse of discretion. *See United States v. Hammond*, 370 F.3d 1032, 1038-39 (10th Cir. 2004).

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

3