**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 8, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

TIMOTHY A. RICHARDSON,

  Defendant - Appellant.

No. 22-3114
(D.C. No. 6:17-CR-10103-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Timothy A. Richardson filed a timely, counseled notice of appeal from the

final judgment of the United States District Court for the District of Kansas. His

counsel has since moved to withdraw from the case under *Anders v. California*, 386

U.S. 738 (1967), asserting there are no non-frivolous grounds for appeal. Upon

independent review of the record, we conclude there are no grounds for appeal that

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

are not "wholly frivolous." Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

## I.    BACKGROUND

In 2018, Mr. Richardson pleaded guilty to one count of counterfeiting currency, in violation of 18 U.S.C. § 471. He was sentenced to thirty-three months of imprisonment, followed by three years of supervised release. Upon his release from prison in January 2020, Mr. Richardson began his term of supervised release.

In April 2022, the probation office filed a report detailing Mr. Richardson's alleged violations of multiple conditions of his supervised release: (1) unlawful possession of a controlled substance, (2) unlawful use of a controlled substance, (3) failure to report law enforcement contact to the probation office, (4) failure to attend mental health treatment appointments and to take prescribed mental health medications, (5) failure to report to the probation office as instructed, (6) failure to notify the probation office prior to a change in residence, and (7) commission of another crime.

At Mr. Richardson's initial appearance hearing, in April 2022, the court informed Mr. Richardson of the allegations in the violation report, advised Mr. Richardson of his right to remain silent and his right to counsel, appointed counsel to represent Mr. Richardson, and ordered Mr. Richardson be kept in temporary custody pending a detention hearing. At the ensuing hearing, the district court ordered that Mr. Richardson be detained until his final revocation hearing

because he posed a danger to the community and a flight risk. The court also advised Mr. Richardson of his right to a preliminary hearing to assess whether the government could demonstrate probable cause to believe the allegations in the violation report. Mr. Richardson, represented by counsel, waived his preliminary hearing.

In June 2022, the district court conducted a hearing on the revocation of Mr. Richardson's supervised release. Mr. Richardson admitted to six of the seven alleged violations of his conditions of supervised release. The United States declined to proceed with any evidence regarding the unadmitted-to violation— Mr. Richardson's alleged failure to report law enforcement contact to the probation office. The district court accepted Mr. Richardson's admissions, and no other evidence was entered by either party.

The district court determined Mr. Richardson's highest violation was a grade B violation and that his criminal history at the time of original sentencing was within category VI. At the revocation hearing, Mr. Richardson argued he should be released to an inpatient substance abuse treatment center rather than face revocation of his supervised release and a new term of incarceration. In his statement to the court, Mr. Richardson admitted to the violations, asserted he had been trying to do better until his relapsed drug use, and requested referral to inpatient substance abuse treatment. The government argued for revocation of Mr. Richardson's supervised release and imposition of a term of 21-months' imprisonment. The government

3

argued a continued period of supervised release would be ineffective because Mr. Richardson had "clearly shown that he [was] not amenable to supervision." ROA Vol. III at 96.

The district court first identified the advisory Guidelines term as 21- to 24-months' imprisonment and up to an additional three-years supervised release. In selecting an appropriate sentence informed by that advisory term, the court considered the applicable U.S. Sentencing Commission Guidelines, Mr. Richardson's history with mental health and substance abuse problems, and his prior difficulty adhering to recommended mental health treatment while on supervised release. The court reasoned that Mr. Richardson's "underlying concerns are mental health, not substance abuse" and expressed its concern that "we're not sure what to do more than we've done with respect to this to make it work." *Id.* at 107.

Ultimately, the court found Mr. Richardson had violated his conditions of release and sentenced him to the maximum Guidelines sentence of 24-months' imprisonment. The court also recommended that the Bureau of Prisons place Mr. Richardson in a medical facility capable of treating his mental health issues. The district court, however, declined to impose another term of supervised release following Mr. Richardson's release. Mr. Richardson objected to the revocation of his supervised release and the imposition of a term of imprisonment rather than admission to substance abuse treatment.

Mr. Richardson's counsel filed a timely notice of appeal of the district court's judgment. Mr. Richardson's counsel now moves to withdraw because there are no non-frivolous grounds for appeal.

## II.    DISCUSSION

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). "[C]ounsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* Then, in his own submission to the court, the client may also raise any points he chooses. *Anders*, 386 U.S. at 744. We must then independently examine the record to determine whether appeal would be "wholly frivolous." *Id.* If we conclude there are no non-frivolous grounds for appeal, we may grant counsel's request to withdraw and dismiss the appeal. *Id.*

Counsel's *Anders* brief identifies two potential bases for appeal: that revocation of Mr. Richardson's supervised release was an abuse of discretion, and that Mr. Richardson's revocation sentence was procedurally and substantively unreasonable. In his pro se submission to us, Mr. Richardson raises concerns that (1) "the sentence was unreasonably unfair based on the harsh sentence" relative to the timing of his violations and previous adherence to the conditions of release; and (2) the decision to sentence him "to prison instead of treatment" was unreasonable

5

given his need for mental health treatment to address the underlying reason for his drug use.[1] Appellant's pro se Br. at 1–2. We construe these concerns, respectively, as objections to the substantive reasonableness of Mr. Richardson's revocation sentence and to the decision to revoke Mr. Richardson's supervised release. We consider each of these questions in turn.

### A.     Revocation of Supervised Release

We "review[] a district court's decision to revoke a term of supervised release for abuse of discretion." *United States v. Metzener*, 584 F.3d 928, 932 (10th Cir. 2009). A district court exceeds its discretion "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) (quotation marks omitted).

---

[1] Mr. Richardson raises two additional concerns regarding his sentence: (1) the Coronavirus, which was "totally disregarded in [his] case[,]" and (2) "missing out on the[] lives" of his two young children. Appellant's pro se Br. at 2–3. This appeal is not the proper forum to consider Mr. Richardson's concerns regarding the Coronavirus, which we construe as a possible claim for sentence reduction or compassionate release under 18 U.S.C § 3582(c)(1)(A).

Additionally, Mr. Richardson made no argument before the district court that his family circumstances warranted a downward departure. Because Mr. Richardson failed to raise this issue before the district court, he may not raise it on appeal other than through the lens of plain error. *See United States v. Calderon*, 428 F.3d 928, 932 (10th Cir. 2005). Mr. Richardson does not argue plain error, and this issue is waived. *See United States v.* Leffler, 942 F.3d 1192, 1198 (10th Cir. 2019). Even if we reached the merits, we cannot say the district court plainly erred. Although the district court may consider family circumstances in fashioning an appropriate sentence, *see United States v. Muñoz-Nava*, 524 F.3d 1137, 1148 (10th Cir. 2008), "family circumstances are not typically a predominating consideration in the § 3553(a) analysis." *United States v. Littlejohn-Conner*, No. 21-1224, 2022 WL 2359347, at *6 (10th Cir. June 30, 2022) (unpublished).

6

The district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release[.]" 18 U.S.C. § 3583(e)(3). Revocation of supervised release is generally presumed mandatory when a defendant is found to have possessed a controlled substance in violation of the conditions of release. *Id.* § 3583(g)(1). However, this presumption is subject to exception, and it is within the court's discretion to consider enrollment in a substance abuse treatment program where the defendant is found to have failed a drug test. *Id.* § 3583(d); *United States v. Hammonds*, 370 F.3d 1032, 1038 (10th Cir. 2004). Procedurally, a court's determination of whether to revoke a term of supervised release is governed by Federal Rule of Criminal Procedure 32.1.

The district court properly adhered to the procedural mandates of Rule 32.1 throughout Mr. Richardson's revocation proceedings. The court found Mr. Richardson violated the conditions of his release, relying on Mr. Richardson's own admissions. To the extent it was within the district court's discretion to consider substance abuse treatment, the court did so and explained its reasoning for rejecting inpatient treatment as an alternative to imprisonment. On our independent review of the record, we conclude that any argument the district court abused its discretion by revoking Mr. Richardson's supervised release would be wholly frivolous. We now consider the revocation sentence itself.

### B. *Revocation Sentence*

This court reviews a district court's revocation sentence for abuse of discretion. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). We will uphold a district court's revocation sentence if it is both "reasoned and reasonable." *United States v. Contreras–Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (quotation marks omitted). "[A] 'reasoned' sentence is one that is 'procedurally reasonable'; and a 'reasonable' sentence is one that is 'substantively reasonable.'" *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). "[W]e review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Handley*, 678 F.3d 1185, 1188 (10th Cir. 2012) (emphasis omitted).

### 1.    Procedural Reasonableness

Procedural review looks to "whether the sentencing court committed any error in calculating or explaining the sentence." *Alapizco-Valenzuela*, 546 F.3d at 1214. Such errors may include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

On review of the record, the district court correctly calculated the revocation sentence range recommended by the Guidelines based on Mr. Richardson's original

offense, criminal history, and violation grade. *See* 18 U.S.C. § 3583(e)(3); United States Sentencing Commission, *Guidelines Manual*, §7B1.4(a)–(b), p.s. (Nov. 2021).[2] The district court imposed a revocation sentence within the recommended range and provided a satisfactory explanation to establish the procedural reasonableness of its sentence. *See McBride*, 633 F.3d at 1234 (discussing rationale for a court only needing to "provide a general statement of the reasons for its imposition of the particular sentence" when imposing a within-guidelines sentence after conviction or revocation of supervised release) (internal quotation marks omitted). Although the court considered inpatient substance abuse treatment, it ultimately rejected that alternative, pointing to Mr. Richardson's history, the circumstances of his violations, and his difficulty adhering to a mental health treatment plan while on supervised release. Nothing in the record suggests the court treated the Guidelines as mandatory

---

[2] Mr. Richardson's original offense, counterfeiting United States currency, was a Class C Felony. His criminal history category at the time of sentencing for his original offense was category VI, and the most serious violation of his conditions of supervised release was a grade B violation. Based on Mr. Richardson's criminal history category and violation grade, the Guidelines advise a revocation sentence of 21- to 27-months. *See* United States Sentencing Commission, *Guidelines Manual*, §7B1.4(a)–(b), p.s. (Nov. 2021). But because Mr. Richardson's original offense was a Class C Felony, that range is lowered to a maximum term of 24-months' imprisonment. *See id.* §7B1.4(b); 18 U.S.C. § 3583(e)(3).

We note the probation office's violation report does not identify which edition of the Guidelines Manual was used in its calculation—the 2016 edition in effect at the time of Mr. Richardson's original sentencing, or the 2021 edition in effect at the time of his revocation hearing. However, because the relevant portion of the Guidelines has not changed since 2010, whether the probation office and court used the 2016 or 2021 edition of the Guidelines cannot have prejudiced Mr. Richardson.

rather than advisory or that the court relied on clearly erroneous findings of fact. To the contrary, the court's explanation of its revocation sentence was rooted in the facts stipulated to by Mr. Richardson. Nothing in our independent review of the record supports finding a meritorious argument that the district court's revocation sentence was not procedurally reasonable.

## 2.     Substantive Reasonableness

Substantive review looks to "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Alapizco-Valenzuela*, 546 F.3d at 1214. A revocation sentence which falls within a properly calculated Guidelines range may be presumed reasonable. *McBride*, 633 F.3d at 1233.

Based on Mr. Richardson's original offense, criminal history, and violation grade, the Guidelines advise a revocation sentence of 21- to 24-months' incarceration followed by up to three-years' supervised release. *See supra* n.2. The district court's 24-month revocation sentence falls within the range recommended by the Guidelines and is therefore presumed reasonable.

Nothing in the record rebuts this presumption. In selecting the revocation sentence, the district court considered the nature and circumstances of the violations and Mr. Richardson's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). The court recognized "Mr. Richardson has substance abuse issues" but "his major concern is mental health issues," and that many of his violations related to his failure to

comply with treatment obligations imposed by his conditions of release. ROA Vol. III at 106–08. The court considered "the need for the sentence imposed" to provided needed "correctional treatment in the most effective manner[,]" 18 U.S.C. §3553(a), recommending that Mr. Richardson be placed in a Bureau of Prisons medical facility "where they can evaluate and address and treat his mental health conditions." ROA Vol. III at 107. Lastly, although it imposed the maximum term of imprisonment within the Guidelines range, the court elected not to impose a further term of supervised release thereafter. The court explained, "I [] don't think that we have any sense that we can do anything that will work" on supervised release. *Id.* at 108. While the district court did not expressly identify each of the factors enumerated in 18 U.S.C. § 3553(a), "it is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence." *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004). The district court did just that.

On our independent review of the record, we conclude the district court's revocation sentence is reasonable and plainly within "the bounds of permissible choice" given the facts and circumstances of the case and the factors set forth in 18 U.S.C. § 3553(a). *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (quotation marks omitted). We can perceive no non-frivolous argument that the sentence imposed was not substantively reasonable.

11

### III.    CONCLUSION

Mr. Richardson lacks any non-frivolous grounds for reversal based on the issues raised in his counsel's *Anders* brief or in his own pro se submission to this court. We therefore GRANT counsel's request to withdraw, and we DISMISS the appeal.

Entered for the Court

Carolyn B. McHugh
Circuit Judge